West Chicago St. R. R. Co. v. Marcus Fishman.

1. VERDICTS—*On Conflicting Evidence.*—Where there is abundant proof to warrant the finding of the jury, the verdict will not be disturbed, although the evidence is contradictory upon the questions at issue.

2. DAMAGES—*When Excessive—Action of the Trial Court.*—Where the trial court requires a remittitur as a condition for not awarding a

new trial, the Appellate Court will not feel justified in substituting its judgment for that of the trial judge, who heard the case, and, presumably, acted according to the best of his discretion.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 21, 1897.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

B. M. SHAFFNER, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant in case to recover for personal injuries to himself, and for damages to his cab and horse, driven by himself, by being run into and upset by one of appellant's cable trains at the intersection of Madison and La Salle streets, Chicago, in September, 1892. The jury returned a verdict in appellee's favor for $3,500, from which appellee remitted $1,000, and a judgment for $2,500 was entered, and this appeal allowed therefrom.

Most of appellant's brief is devoted to an argument that the verdict was contrary to the evidence, in that the evidence disclosed a want of due care by the appellee for his own safety, and a lack of negligence by the appellant, through its servant, the gripman, who operated the train.

As is not unusual in cases of this character, there was contradictory evidence upon these questions, but there was abundant evidence to warrant the jury in finding against the appellant upon both of them, and we are not permitted to supplant the jury in the exercise of their functions under such circumstances.

There are no questions of law that need to be discussed. The mere statement of such as are mentioned in the brief, affords a sufficient answer to them, except as to the one that the court erred in not giving an offered instruction to

find the defendant not guilty, and as to that one it is only necessary to refer to what we have already said concerning the evidence.

The complaint that the damages are excessive, must be met by saying that the trial court exercised its supervisory power over the verdict, by requiring a remittitur of one thousand dollars as a condition for not awarding a new trial, and while it might be that a still greater remittitur would have more nearly approximated exact justice, we do not feel justified, under all that the record shows, in substituting our judgment for that of the judge who heard the case, and, presumably, acted according to his best discretion.   The judgment is affirmed.